**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BRAD BARYENBRUCH, ) | |
| ) | |
| Plaintiff, ) | Case No.: 26-cv-16 |
| ) | |
| v. ) | |
| ) | *Jury Trial Demanded* |
| SILENCERCO, LLC, SILENCERCO ) | |
| WEAPONS RESEARCH, LLC, AND ) | |
| GRANITE STATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| DEAN HEALTH PLAN, INC., ) | |
| ) | |
| Subrogated Defendant. ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendants SILENCERCO, LLC, SILENCERCO WEAPONS RESEARCH, LLC[1], and GRANITE STATE INSURANCE COMPANY (Collectively "Defendants"), by and through their undersigned counsel, submit this Notice of Removal of the above-entitled case from the Sauk County Circuit Court of the state of Wisconsin to the United States District Court for the Western District of Wisconsin. By this petition, Defendants give notice of the removal of this action. This notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1441, *et seq.*, and is proper and appropriate based upon the following:

**I.   INTRODUCTION.**

1.   Defendants desire to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the Sauk County Circuit Court of the state of Wisconsin, where

---

[1] SilencerCo, LLC was acquired in 2024 and is registered as SilencerCo Weapons Research, LLC. SilencerCo, LLC and SilencerCo Weapons Research, LLC are one entity doing business as SilencerCo.

1

the case was pending under the case style of <u>Brad Baryenbruch v. SilencerCo, LLC, et al.</u> Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

2. Plaintiff filed his Summons and Complaint ("Complaint") on or about October 17, 2025, (<u>See</u> Ex. A, Summons and Compl.) Plaintiff alleges he purchased an OMEGA 300 suppressor ("SilencerCo Suppressor") designed and manufactured by Defendants SILENCERCO, LLC and SILENCERCO WEAPONS RESEARCH, LLC (collectively "SilencerCo"). (<u>Id.</u> ¶ 10.) Plaintiff alleges that the SilencerCo Suppressor malfunctioned on October 23, 2022, resulting in recoil beyond ordinary conditions. (<u>Id.</u> ¶ 16.) As a result, Plaintiff claims to have sustained significant and traumatic physical injuries to his clavicle, chest, spine, scapula/rhomboid, AC joint, arm, neck, ribs, and nerves. (<u>Id.</u> ¶¶ 16, 18.) Plaintiff further claims past and future medical expenses, lost past and future income, pain and suffering, disability, mental anguish, and loss of enjoyment of life. (<u>Id.</u> ¶¶ 19-22.)

3. Plaintiff further alleges that Defendant Granite State Insurance Company provided insurance coverage on behalf of SilencerCo for the acts and omissions alleged in Plaintiff's Complaint and is a proper party to this action pursuant to Wis. Stat. § 632.24. (<u>Id.</u> ¶ 4.)

4. This action has not been tried.

5. Defendants voluntarily appear in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights by Defendants, including, but not limited to,

2

defenses and objections to venue, service of process, and any other defenses Defendants might pursue. A responsive pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure.

      6.      The only pleadings received by Defendants are copies of the filed Summons and Complaint, which is attached as Exhibit A. Therefore, copies of all proceedings, pleadings, and orders provided to Defendants are attached to this Notice of Removal.

## II.    NOTICE OF REMOVAL IS TIMELY.

      7.      On October 17, 2025, this matter was commenced in the Sauk County Circuit Court of the state of Wisconsin. (See Ex. A, Summons and Compl.) Subsequently, Granite was served with the summons and complaint on December 8, 2025 and SilencerCo was served with the summons and complaint on December 18, 2025 (Ex. B, Proof of Service). Pursuant to the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed pursuant to Rule 11 of the Federal Rules of Civil Procedure within thirty days after receipt of the Complaint, which sets forth the claims upon which Plaintiff's action is purportedly based.

## III.    ORIGINAL JURISDICTION EXISTS BECAUSE THE PARTIES ARE DIVERSE.

      8.      Removal is authorized by 28 U.S.C. § 1441, and based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332, because (a) there is diversity of citizenship between Plaintiff and the named Defendants and (b) the amount in controversy exceeds $75,000.

###    A.    Plaintiff and Defendants are Diverse.

      9.      For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. Page v. Democratic Nat'l Comm., 2 F.4th 630, 634 (7th Cir. 2021). A corporation will be deemed to be a citizen of the State where it has been incorporated

and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); see also U-Profit, Inc. v. Bromley Ltd., 330 F. Supp. 609, 610 (E.D. Wis. 1971). Based on these foregoing standards, the parties in this case are diverse.

10. Upon information and belief, as alleged in the Complaint, at the time of the commencement of this action and at all times thereafter, Plaintiff is and has been a citizen of the State of Wisconsin. (Ex. A ¶ 1.)

11. At the time of the commencement of this action and at all times thereafter, Defendant Granite was a corporation with a principal place of business in Chicago, Illinois. (Ex. C, Granite Corporate Information.) Therefore, Granite is a citizen of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

12. At the time of the commencement of this action and at all times thereafter, Defendant SilencerCo was a Utah limited liability company with a principal place of business in West Valley City, Utah (Ex. D, SilencerCo Corporate Information.) Therefore, SilencerCo is a citizen of Utah for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

13. On information and belief, Subrogated Defendant Dean Health Plan, Inc. ("DHP") is a health insurance company with a principal place of business in Wisconsin, which paid for Plaintiff's medical services with respect to injuries alleged in Plaintiff's Complaint. However, DHP is considered a nominal party in this action as opposed to a real party in interest. A party is a nominal party and does not defeat diversity if there is no reasonable basis for predicting that it will be held liable. See Vandervest v. Wisconsin Cent., 936 F. Supp. 601 (E.D. WI, 1996) (holding that State Farm and WEA, insurers of the plaintiffs, who were named as defendants solely to protect their respective subrogated interests are considered nominal parties and do not destroy diversity).

14. Therefore, complete diversity exists between Plaintiff and Defendants.

**B.      The Amount in Controversy Exceeds $75,000.**

15. In the Complaint, Plaintiff alleges that he sustained significant and traumatic physical injuries to his clavicle, chest, spine, scapula/rhomboid, AC joint, arm, neck, ribs, and nerves. (Ex. A, ¶¶ 16, 18.). Additionally, Plaintiff is seeking damages for past and future medical expenses, lost past and future income, pain and suffering, disability, mental anguish, and loss of enjoyment of life. (Id. ¶¶ 19-22.)

16. On August 28, 2025, Plaintiff made a settlement demand for $2.5 million, which included an excel spread sheet alleging $798,707.71 in expenses. (Ex. E, 8/28/25 Email with Settlement Demand and Expenses Spread Sheet.)  Further, on December 29, 2025, counsel for Defendants sent correspondence to Plaintiff's counsel requesting a stipulation to limit Plaintiff's damages to $75,000. (Ex. F, 12/29/25 damages stipulation.)  The same day, Plaintiff's counsel informed the undersigned that he would not agree to this limitation. (Ex. G, 12/29/25 Email from Plaintiff's Counsel.)  The settlement demand and Plaintiff's rejection of Defendants' damages limitation overture are evidence that the amount in controversy exceeds $75,000.

17. Accordingly, it is clear that the amount in controversy requirement has been met in this instance. See, e.g., Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006) (holding that amount in controversy is met where discussions between Plaintiff and Defendant led Defendant to believe that Plaintiff's medical and rehabilitation expenses alone would exceed $75,000); Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006) (holding that a plaintiff's initial settlement demand of between $180,000 and $200,000 established that the amount in controversy exceeded $75,000 even when plaintiff later offered to settle for $60,000).

### IV. REMOVAL TO THIS DISTRICT IS PROPER.

18. Pursuant to 28 U.S.C. §§ 1441, et seq., the right exists to remove this case from the Sauk County Circuit Court of the state of Wisconsin to the United States District Court for the Western District of Wisconsin, which embraces the place where the action is pending.

### V. CONSENT FOR REMOVAL FROM SUBROGATED DEFENDANT IS NOT REQUIRED.

19. Subrogated Defendant DHS is considered a nominal party because it was named a defendant solely to protect its subrogated interests. Vandervest v. Wisconsin Cent., 936 F. Supp. 601 (E.D. WI, 1996) (holding that State Farm and WEA, insurers of the plaintiffs, who were named as defendants solely to protect their respective subrogated interests are considered nominal parties). Consent from nominal parties is not required for removal. Est. of Pilsnik v. Hudler, 118 F. Supp. 2d 905, 908 (E.D. Wis. 2000) (holding that that a nominal party's consent is not required for removal to Federal Court).

20. Additionally, an insurance company included solely to protect subrogation interests should be realigned as a plaintiff because its interests align with Plaintiff's interests. Lampe v. Genuine Parts Co., 463 F. Supp. 2d 928, 933 (E.D. Wis. 2006) (Realigning insurance companies as plaintiffs where they were included "based solely upon their subrogation interests").

21. Therefore, consent from Subrogated Defendant DHS is not required for removal.

### VI. CONCLUSION

22. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Wisconsin Circuit Court for Sauk County as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

23.     Defendants reserve the right to amend or supplement this Notice of Removal, and Defendants reserve all defenses.

24.     Defendants request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants pray that this case be removed from the state of Wisconsin, Sauk County Circuit Court to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceeding be had in the state of Wisconsin, Sauk Circuit Court.

Dated: Madison, Wisconsin
       January 8, 2026

                                By:   *Electronically signed by David E. McFarlane*
                                      David E. McFarlane
                                      BELL, MOORE & RICHTER, S.C.
                                      345 W. Washington Ave.
                                      Suite 302
                                      Madison, WI  53703-3007
                                      (608) 257-3764
                                      dmcfarlane@bmrlawyers.com
                                      **ATTORNEYS FOR DEFENDANTS SILENCERCO, LLC, SILENCERCO WEAPONS RESEARCH, LLC, AND GRANITE STATE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by E-Filing and United States First Class Mail on this 8th day of January 2026 upon:

Chase Horne
DeWitt LLP
25 W. Main St., Suite 800
Madison, WI 53703
(608) 283-5616
cah@dewittllp.com
*Attorneys for Plaintiff*

Shannon A. Conlin
Dean Health Plan, Inc.
PO Box 56099
Madison, WI 53705
*Attorney for Dean Health Plan, Inc.*

                By: *Electronically signed by David E. McFarlane*
                    David E. McFarlane