IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD BARYENBRUCH,

                    Plaintiff,

    and

DEAN HEALTH PLAN, INC.

                Involuntary Plaintiff,                ORDER

                                                      26-cv-16-jdp

    v.

SILENCERCO, LLC, SILENCERCO WEAPONS
RESEARCH, LLC, and GRANITE STATE
INSURANCE COMPANY,

                Defendants.

---

This is a products liability action about an allegedly defective gun suppressor designed and manufactured by defendants SilencerCo, LLC and SilencerCo Weapons Research, LLC. Plaintiff Brad Baryenbruch alleges that his suppressor split into pieces after he fired his rifle, causing the rifle to recoil and injure him. Baryenbruch filed this case in state court in Sauk County, Wisconsin, and defendants removed it to this court. Dkt. 1 (notice of removal).

This order addresses three issues. First, Baryenbruch has identified Dean Health Plan, Inc. as an "involuntary plaintiff" because it paid medical expenses on his behalf. Wisconsin state court procedures require the joinder of parties who have claims based upon subrogation to the rights of the principal party. Wis. Stat. § 803.03(2). But in federal court, it is generally the Federal Rules of Civil Procedure that govern, not state procedural rules. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). And "there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to

force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018). Dean Health Plan has appeared, suggesting that it wants to participate and is not an "involuntary plaintiff." So the court will refer to Dean Health Plan as simply a plaintiff for the remainder of the case unless another party shows cause why Dean Health Plan is misaligned or should not remain a party.

Second, defendants rely on 28 U.S.C. § 1332 as the basis for jurisdiction, but they have not adequately alleged diversity of citizenship. Defendants say that Baryenbruch is a citizen of Wisconsin based on the allegations in the complaint, but the complaint alleges only that Baryenbruch resides in Wisconsin. It is well established in this circuit that residence and citizenship are not the same thing, and a court may not infer citizenship from residence alone. *See, e.g., Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664–65 (7th Cir. 2014); *Winforge, Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Baryenbruch's citizenship is determined not by where he resides, but by where he is domiciled. *Myrick*, 764 F.3d at 664.

Defendants have also not adequately alleged their own citizenship. They say that Granite State Insurance Company has a principal place of business in Illinois, but they do not say where it is incorporated. *See* 28 U.S.C. § 1332(c)(1). And both SilencerCo and SilencerCo Weapons Research are limited liability companies, so their citizenship is based on the citizenship of their members, "traced through as many levels as necessary until reaching a natural person or a corporation." *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). To adequately allege the citizenship of an LLC, defendants must identify the LLC's members, identify the domicile of each individual member, and identify the state of incorporation and principal place of business of each corporate member.

2

The court will give defendants until February 25, 2026, to file supplemental materials showing that the court may exercise subject matter jurisdiction over this case. If defendants don't respond, the court will remand the case to state court.

Third, the parties have filed a stipulation that plaintiffs will voluntarily dismiss counts five through seven of the complaint without prejudice and defendants will withdraw their motion to dismiss those claims. Dkt. 16. Defendants' withdrawal of the motion to dismiss, Dkt. 6, is accepted. As for the voluntary dismissal, the proper mechanism to voluntarily dismiss only some claims is to file an amended pleading under Federal Rule of Civil Procedure 15(a). *Taylor v. Brown*, 787 F. 3d 851, 857–58 (7th Cir. 2015). The parties' stipulation serves as written consent to amend under Rule 15(a)(1)(2), so no court order is needed. Plaintiff is directed to promptly file the amended complaint as a separate docket entry.

ORDER

IT IS ORDERED that:

1.  Dean Health Plan, Inc, is realigned as a plaintiff. The clerk of court is directed to change the party designation on the docket to reflect the realignment.

2.  Defendants have until February 25, 2026, to file supplemental materials on diversity of citizenship.

3.  Defendants' withdrawal of their motion to dismiss, Dkt. 6, is ACCEPTED per the parties' stipulation. Dkt. 16. Plaintiff should promptly file an amended complaint omitting counts five through seven.

Entered February 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3